IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAMELA DIANN WILBURN-HAWKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-3177 |
| | § | |
| TDCJ PAROLE DIVISION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

The plaintiff, Pamela Diann Wilburn-Hawkins (also known as Pamela Diann Wilburn), is a former state inmate who is presently on supervised release. Wilburn-Hawkins has filed a civil rights complaint under 42 U.S.C. § 1983, seeking monetary damages from the Texas Department of Criminal Justice (TDCJ) Parole Division and three parole officials. She is representing herself and has been granted leave to proceed without prepaying the filing fee. She asks the court to appoint counsel.

The court is required to review pleadings by litigants proceeding without prepaying filing fees and to dismiss any part of the complaint that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915(e)(2)(B). Based on this required review, the court concludes that Wilburn-Hawkins has not stated a basis to appoint counsel and has not stated a basis on which relief could be granted. Her § 1983 complaint is dismissed and her motion for counsel denied. Final judgment is separately entered. The reasons are explained below.

# I. Background

On August 22, 2007, Wilburn-Hawkins was convicted of theft and sentenced to a 20-year prison term. (Harris County Cause Number 692000.).[1] That conviction was affirmed on appeal. *See Wilburn v. State*, No. 01–07–00830–CR, 2008 WL 2611933 (Tex. App.—Houston [1st Dist.] July 3, 2008, pet. ref'd). She filed unsuccessful federal habeas corpus actions seeking relief from her conviction and sentence. *See Wilburn v. Stephens*, Civil No. 4:13-cv-3414 (S.D. Tex. 2014) (dismissing the petition as successive); *Wilburn v. Thaler*, Civil No. 6:13-cv-0094 (W.D. Tex. 2013) (dismissing the petition as barred by limitations); *see also Wilburn v. Thaler*, Civil No. 6:13-cv-0093 (W.D. Tex. 2014) (challenging the denial of release on parole).

On January 31, 2014, Wilburn-Hawkins was released from prison to parole, subject to certain conditions of supervised release.[2] In particular, Special Condition C prohibited Wilburn-Hawkins from participating in certain financial transactions.[3] Special Condition I required her to notify a prospective employer about her criminal history if a position of financial responsibility is involved.[4]

Wilburn-Hawkins sued the TDCJ Parole Division and three parole officials located in Houston: Assistant Regional Director Michael Donaldson; Office Supervisor Anthony L. Phillips; and Supervising Parole Officer Shallneal Williams. Wilburn-Hawkins alleges that Phillips ordered her to shut down a nonprofit charitable organization that she had established. She alleges that he also ordered her to remove her name from bank accounts listing her as the sole proprietor of a

---

[1] *See* Complaint, Docket Entry No. 1, ¶ 10.

[2] *See* Complaint, Docket Entry No. 1, ¶ 12.

[3] *See* Complaint, Exhibit B, Docket Entry No. 1, at 27.

[4] *Id.*

business, "P.S. Hawkins and Associates Company," previously doing business as "P.S. Hawkins and Associates Inc.," which she had purportedly operated since 2005.[5] In May 2016, Wilburn-Hawkins was told that her parole would be revoked for violating Special Condition C if she did not comply as directed.[6] When Wilburn-Hawkins asked Williams to remove Special Condition C, Williams replied that she did not have authority to withdraw a condition imposed by the Texas Board of Pardons and Paroles.[7]

Wilburn-Hawkins alleges that Phillips and Williams, her supervising parole officers, violated the Fourteenth Amendment to the United States Constitution by depriving her of the right to earn a living without due process.[8] Wilburn-Hawkins claims that she lost income, her business, and her home as a result of the restrictions Phillips and Williams imposed under Special Condition C.[9] She also suffered "chronic stress," which she alleges triggered a heart attack and an aneurysm in November 2016.[10] Wilburn-Hawkins blames the Officer Supervisor Phillips and Assistant Regional Director Donaldson for failing to adequately supervise or enforce the conditions imposed on her

---

[5] *See* Complaint, Docket Entry No. 1, ¶¶ 13, 15, 30–32, 62.

[6] *Id.*, at ¶ 34.

[7] *Id.*, at ¶¶ 27–28.

[8] *Id.*, at ¶¶ 59–63.

[9] *Id.*, at ¶ 64.

[10] *Id.*

parole.[11] Wilburn-Hawkins seeks $4,900,000.00 in compensatory damages, plus $300,000.00 in punitive damages for these alleged civil rights violations.[12]

## II.    Analysis

Wilburn-Hawkins is representing herself. Complaints filed by self-represented plaintiffs are liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). But any complaint "must be plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Whitaker v. Collier*, 862 F.3d 490, 497 (5th Cir. 2017) (internal quotation marks and citations omitted). "A complaint is frivolous if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992) (citation omitted).

Wilburn-Hawkins does not state an actionable claim against the TDCJ Parole Division because, as a matter of law, the Eleventh Amendment bars her suit for monetary damages under 42 U.S.C. § 1983 against the Texas Board of Pardon and Paroles, a state agency. *See Martinez v. Texas Dep't of Criminal Justice*, 300 F.3d 567, 573 (5th Cir. 2002); *see also McGrew v. Texas Bd. of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) ("The Texas Board of Pardon and Paroles, a division of the Texas Department of Criminal Justice, is cloaked with Eleventh Amendment immunity."). The Eleventh Amendment also bars her claim for money damages under § 1983 from

---

[11] *Id.*, at ¶¶ 67–77.

[12] *Id.*, at ¶ 82.

state employees in their official capacity. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

Wilburn-Hawkins cannot otherwise recover damages because her allegations are based on the enforcement of the parole conditions that were part of her sentence. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). This rule applies to claims about the fact, duration, or conditions of parole. *See Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995); *see also Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995).

Wilburn-Hawkins's claims would, if true, mean that the conditions on her supervised release were invalid. Those conditions of release are part of her sentence. *See, e.g., Williams v. Wisconsin*, 336 F.3d 576, 579–80 (7th Cir. 2003) (conditions of parole "define the perimeters" of confinement and challenges are not actionable, but not § 1983). Wilburn-Hawkins does not allege facts showing that she successfully challenged the conditions of her parole or that the decision by parole officials to impose restrictions on her supervised release has been set aside or invalidated. A damages claim based on a criminal sentence that remains standing and has not been invalidated cannot proceed under 42 U.S.C. § 1983. *See Heck*, 512 U.S. at 487; *see also Savickas v. Walker*, 180 F. App'x 592, 594 (7th Cir. 2006) (affirming the dismissal of a § 1983 challenge to a condition of parole as barred by *Heck*). Wilburn-Hawkins's complaint must be dismissed with prejudice as legally frivolous. *See*

*Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met"); *Hamilton v. Lyons*, 74 F.3d 99, 102–03 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

**III. Conclusion and Order**

The complaint filed by Pamela D. Wilburn-Hawkins is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. Her motion for appointment of counsel, (Docket Entry No. 2), is denied as moot. All pending motions are denied as moot.

SIGNED on November 29, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge